994 F.2d 842
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Kevin B. HAENCHEN, Appellee
v.
Dale RILEY; Dick D. Moore; Paul K. Delo; Charles Harris;
George A. Lombardi; Ralph Nichols; Greg Dunn;
Arthur Lee; Clarence Kohut; Appellants
John DOE, No. 1; John Doe, No. 2; John Doe, No. 3; John
Doe, No. 4; John Doe, No. 5; Defendants
Connie BARTON; Nancy Tynes; Appellants
DUNN; Petre; Lee; Barton; Tynes; McPeak; Blair; Kohut;
Wilson Defendants.
 No. 92-2894,
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 16, 1993.
Filed: May 20, 1993.
 
 Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Kevin Haenchen, an inmate at the Jefferson City Correctional Center in Missouri, brought this § 1983 action against several employees of the Missouri Department of Corrections, alleging they violated his civil rights by spraying mace in his face, denying him an opportunity afterwards to take a shower, and then placing him in the double litter restraint system, commonly referred to as the "cocoon." The prison employees moved for summary judgment. Haenchen then sought discovery against which the employees filed a motion for a protective order. The district court denied both motions, and the employees appeal. We affirm.
 
 I.
 
 2
 On December 31, 1990, Haenchen apparently created a disturbance in his cell. A prison officer repeatedly ordered that he stop, Haenchen refused, and another officer sprayed him with mace. The second officer then ordered he be placed in a cocoon, a restraining device correction officials use in which unclothed inmates are placed face down onto a canvas stretcher, with their hands shackled to their sides and their ankles shackled together. Another stretcher is placed on top, and the two stretchers are tied together. Haenchen remained in the cocoon for approximately three hours and forty-five minutes.
 
 
 3
 Haenchen subsequently filed this § 1983 action, alleging the prison officers and officials violated his eighth and fourteenth amendment rights against cruel and unusual punishment by spraying mace in his face, denying him an opportunity afterwards to take a shower, and then placing him in the cocoon. The prison employees moved for summary judgment on the grounds the force used was reasonable and they have qualified immunity. Haenchen then served discovery requests on each of them, after which the employees filed a motion for a protective order requesting they not be required to respond to the discovery requests until the district court resolved the qualified immunity issue. The district court denied both motions, and the correction officials filed this appeal.
 
 II.
 
 4
 The correction officials first argue the district court erred in denying their motion for summary judgment on qualified immunity grounds because the cocoon is not an unconstitutional means of restraining inmates. They also contend the district court erred in denying their motion for a protective order because they assert discovery should have been stayed until the district court decided the qualified immunity claim.
 
 
 5
 Citing the Supreme Court's decision in Harlow v. Fitzgerald, 457 U.S. 800 (1982) and our ruling in Moore v. Webster, 932 F.2d 1229 (8th Cir. 1991), the correction officials correctly state that qualified immunity operates to protect governmental officials from both the burdens of trial and discovery. However, we note discovery is appropriate where "the parties disagree as to what actions the law enforcement officers took and if the plaintiff can present some evidence to support [his] allegations." Ginter v. Stallcup, 869 F.2d 384, 388 (8th Cir. 1989).
 
 
 6
 In our view, the district court simply properly applied Rule 56(f) of the Federal Rules of Civil Procedure, which provides:
 
 
 7
 Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
 
 
 8
 Consequently, the district court did not abuse its discretion in allowing the discovery to proceed. We therefore affirm the district court's orders, noting, however, that discovery sought at this stage is limited to circumstances surrounding the question of qualified immunity. Additionally, the district court did not err in denying the motion for summary judgment for the time being, "without prejudice to re-filing at a subsequent time." Dist. Ct. Order dated July 8, 1992.
 
 
 9
 AFFIRMED.